EASTMAN KODAK COMPANY, Plaintiff, *v.* MAXIMILIAN WEIL and Another, Defendants.

Supreme Court, New York County, June 17, 1930.

*Beekman, Bogue & Clark* [*E. K. Hanlon* of counsel], for the plaintiff.

*Jacob Ansbacher*, for the defendants.

Cotillo, J. This action is one brought to restrain the individual and corporate defendant from using the word "Audak" as a trade-mark or as a component part of a trade-mark and from making, printing or using, or causing to be made, printed or used any supplies, advertisements or printed matter of any kind in or on which the said word "Audak" appears either as a trade-mark or otherwise descriptive of any device, apparatus or merchandise or as a part of the name of the corporate defendant. The action, while it seeks relief against infringement of plaintiff's trade-mark, is fundamentally based upon plaintiff's alleged rights under an agreement with defendants. The contract was entered into by the plaintiff and the individual defendant, who is the sole owner of the corporate stock of the corporate defendant. Although it was not signed by the corporate defendant, in the answer and on the trial it was conceded that any judgment against the individual defendant Weil would be binding upon the corporation. The agreement in question was entered into in the settlement of a trade-mark opposition proceeding pending in the United States Patent Office. In this proceeding the defendant Weil, who had been in business since 1922, trading under the registered name "The Audak Company," filed an application in the Patent Office for the registration of the word "Audak" as a trade-mark to be used on phonograph and mechanical phonograph recording, demonstrating and testing apparatus. This application was filed in 1923. The application for the trade-mark explicitly disclaimed any claim to the words "Made by Audak Company, New York." The application having been gazetted on December 1, 1925, the plaintiff filed opposition proceedings which resulted in the contract now before the court. The pertinent provision of that contract is as follows: "1. Weil agrees that he will at once desist from the use

of the word Audak as a trade-mark or as a component part of a trade-mark and that he will not make, print or use or cause to be made, printed or used any further supplies, advertisements or printed matter of any kind in which the word Audak appears except as is specifically provided for herein." The plaintiff has been engaged in the manufacture of photographic materials and apparatus for half a century, and of late it has been experimenting in the manufacture of apparatus having to do with the reproduction of sound in connection with motion pictures. Its products have a world-wide distribution, its gross sales running over $100,000,000 a year and are marketed either under its trade-name " Kodak " or derivatives thereof, and it has subsidiary companies throughout the world whose names, like its own, are integrated with the word " Kodak." The name has an enormous good will value, as is apparent from the fact that $3,000,000 a year is spent in advertising. The derivatives of " Kodak " usually have some application to the product to which it is applied; for instance, a camera shutter is called the " Kodamatic; " a projective for amateur movies is called the " Kodascope; " a machine for copying checks is called " Rekodak." The defendants admit that under the agreement they have no right to use the word "Audak " as a trade-mark or as part of a trade-mark, or to sell any supplies or use any advertising or printed matter upon which that word appears as a trade-mark. They did, however, breach their contract by using the term repeatedly in an advertisement published in the *Exhibitors' Herald-World*, dated May 11, 1929. This much is virtually admitted. But the main controversy between the parties is on the question whether the contract obligated the corporate defendant to desist from using the word "Audak " as a constituent element of its corporate name. The contract was drawn by the plaintiff through its own attorneys, and at the signing thereof the defendant was not represented by counsel. It must, therefore, be strictly construed against it. If it was the intention to compel defendant to change its corporate name, the agreement would have so specified. It would not have left to implication a direction under which defendant would have been free to use one name — its authorized one — in statutory corporate matters, and another one in relation to the public. The situation thus created would be highly irregular, if not illegal. (*Scarsdale Pub. Co.* v. *Carter*, 63 Misc. 271.) Plaintiff is, therefore, not entitled to an injunction to restrain defendant's use of the corporate name, but it has a right to restrain the defendant from using the name "Audak " in connection with its products or the advertising of such products. The prayer for an accounting having been withdrawn, let plaintiff submit a decision and judgment accordingly.